# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| COPELAND, STAIR, VALZ & LOVELL, LLP, | ) )  ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL ACTION ) FILE No.: _____ ) |
| JOHN DOE 1; and JOHN DOE 2, | ) ) |
| Defendants. | ) ) |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

COMES NOW the Plaintiff, COPELAND, STAIR, VALZ & LOVELL, LLP, and hereby submits this Complaint and in support thereof, shows the Court the following:

PARTIES AND JURISDICTION

1.

Plaintiff Copeland, Stair, Valz & Lovell, LLP ("CSVL") is a domestic limited liability partnership with its principal place of business located in Fulton County, Georgia, whose partners are citizens of the states of Georgia, Tennessee, and South Carolina.

2.

Upon information and belief, Defendant John Doe 1 is a citizen of an unknown state or country who directed the fraudulent scheme set forth herein and/or owns a

bank account to which funds have been subsequently transferred pursuant to a fraudulent scheme that used a transaction with a law firm in Georgia as an instrumentality of the scheme alleged herein.

3.

Upon information and belief, Defendant John Doe 1 is a citizen of an unknown state or country who directed the fraudulent scheme set forth herein and/or owns a bank account to which funds have been subsequently transferred pursuant to a fraudulent scheme that used a transaction with a law firm in Georgia as an instrumentality of the scheme alleged herein.

4.

Jurisdiction is proper in Georgia state courts pursuant to O.C.G.A. § 9-10-91(1)-(3) and in Georgia federal courts pursuant to 28 U.S.C. §§ 1331 and 1332.

5.

Venue is proper in the Superior Court of Fulton County, Georgia, pursuant to O.C.G.A. § 9-10-91, and in the District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b)(2), as the events giving rise to the claim occurred in Atlanta, Georgia, located within the Northern District of Georgia, Atlanta Division. Specifically, a Georgia real estate closing was targeted by a fraudulent enterprise. *National Egg Co. v. Bank Leumi Ie-Isreal, B.M.*, 514 F. Supp. 1125, 1127-28 (N.D. Ga. 1981).

## FACTUAL BACKGROUND

6.

Plaintiff CSVL is a litigation law firm with offices in Georgia, Tennessee, and South Carolina.

7.

On November 9, 2023, a member of Plaintiff's firm in Atlanta, Georgia, received an email ("November 9 Email") from a client's email account thar purported to be from its client directing that funds that CSVL held in escrow to be paid to the client be wired to JP Morgan Chase bank account number *****1335 (the "Chase Account")

8.

Unbeknownst to Plaintiff at the time of the November 9 Email, the client's email account had been hacked and the instructions came from John Doe 1, John Doe 2, and/or their co-conspirators, persons and entities unrelated to the Plaintiff's client.

9.

In compliance with the instructions received from Defendants, Plaintiff sent a wire transfer for the sum of $392,783 to the Chase Account on November 15, 2023 (the "Wire Transfer").

10.

On November 20, 2023, Plaintiff's client notified Plaintiff that the client did not send the wiring instructions and its email had been hacked.

11.

Upon information and belief, Defendants used fraudulent means to intercept emails between CSVL and its client, and gave fraudulent wiring instructions for the purpose of theft of funds from CSVL's escrow account.

12.

John Doe 1 is an individual or business whose name is unknown, but who owns the Chase Account, which was the recipient of the Wire Transfer sent by Plaintiff who either acted with knowledge of the fraudulent nature of the November 9 Email or with reckless indifference to the improper things he was doing or being asked to do as an instrumentality of the fraudulent scheme.

13.

Upon information and belief, Defendant John Doe 2 is an individual or business whose name is unknown, but who directed the fraudulent scheme, including but not limited to: (1) directing that John Doe 1 set up the Chase Account and receive the Wire Transfer for fraudulent purposes; (2) authoring and sending the November 9 Email; and/or (3) receiving, negotiating, or disposing of the funds from the Wire Transfer.

14.

The Declaration of Stephen J. Cohen is attached as Exhibit 1 hereto and true and correct copies of the documents sent to Plaintiff are attached thereto.

15.

Plaintiff seeks the aid of the Court and the Court's laws and rules to discover the identity of the persons or businesses who own the Chase Account and who sent the November 9 Email.

16.

In reliance on Defendants' instructions, Plaintiff completed the Wire Transfer of $392,783 to the Chase Account on November 15, 2023.

17.

Upon information and belief, Defendant John Doe 1 and/or Defendant John Doe 2 accessed, used, transferred, converted, withdrew, and stole the funds that Plaintiff transferred to the Chase Account.

FIRST CLAIM FOR RELIEF – CIVIL RICO

18.

Plaintiff brings claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") pursuant to the provisions of 18 U.S.C. § 1961, *et seq*.

19.

John Doe 1, John Doe 2, and their co-conspirators engaged in conduct of an enterprise through a pattern of racketeering activity that included interstate mail fraud, interstate wire fraud, and money laundering, including but not limited to violations of 18 U.S.C. §§ 1956(a)(2)(A) (money laundering), wire fraud (18 U.S.C. § 1343), mail fraud (18 U.S.C. § 1341), including but not limited to the use of wire transfers to divert and hide fraudulently obtained funds, the use of the mails to mail cashier's checks to other participants in the scheme alleged herein, the use of Bitcoin to abscond with Plaintiff's funds, and conducting financial transactions with proceeds of unlawful activity (*Gen. Cigar Co. v. CR Carriers, Inc.*, 948 F.Supp. 1030, 1039 (M.D. Ala. 1996)). Upon information and belief, Defendants John Doe 1, John Doe 2, and their co-conspirators knew that the funds were proceeds of unlawful activities at the time they transferred and converted the funds.

20.

Plaintiff has suffered damages in excess of $392,783, which damages were proximately caused by Defendants' RICO violations and are entitled to treble damages and attorneys' fees under 18 U.S.C. § 1964(c), for which Defendants John Doe 1 and John Doe 2 should be liable to Plaintiff.

21.

The transactions by Defendants alleged herein were part of a pattern of racketeering activity, including but not limited to transfers of other stolen funds received by, contained in, and transferred from the Chase Account and other accounts used in the scheme.

22.

Upon information and belief, John Doe 1 and John Doe 2's transactions with Plaintiff do not appear to be isolated in light of the complex nature of the scheme to intercept email correspondence and to divert funds to an account at JPMorgan Chase Bank.

23.

As held by the Eleventh Circuit Court of Appeals, "A jury could find it strange that those who insist that their conduct was proper and their intent pure went to such great lengths to hide it all from the light of day. From such secrecy much may be inferred." *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1402 (11th Cir. 1994).

24.

Defendants went to great lengths to hide their scheme from Plaintiff, including creating fraudulent wire instructions and soliciting participants to accomplish the ends of the scheme. *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1402 (11th Cir. 1994).

25.

Plaintiff has suffered damages in excess of $392,783, which damages were proximately caused by Defendants' RICO violations, and is entitled to treble damages and attorneys' fees under 18 U.S.C. § 1964(c), for which Defendants are liable to Plaintiff.

SECOND CLAIM FOR RELIEF – MONEY HAD AND RECEIVED

26.

Plaintiff hereby incorporates the preceding paragraphs of this Complaint by reference.

27.

Defendant John Doe 1 and/or Defendant John Doe 2 directed funds that were entrusted to Plaintiff to be transferred into the Chase Account for the benefit of Defendant John Doe 1.  These funds constitute money which Defendants John Doe and John Doe 2 are not entitled in good conscience to retain.

28.

Defendants John Doe 1 and John Doe 2 have the obligation from the "ties of natural justice" to refund the funds that were transferred by the Wire Transfer to the Chase Account, which funds were wired into said account by fraud.

29.

Defendants John Doe 1 and John Doe 2 have caused damage to Plaintiff by by diverting and directing funds in Plaintiff's escrow account to the Chase Account, for which they should be liable in damages and for injunctive relief ordering freezing of the funds and return of the funds to Plaintiff.

THIRD CLAIM FOR RELIEF – FRAUD

30.

Plaintiff hereby incorporates the preceding paragraphs of this Complaint by reference.

31.

Upon information and belief, Defendants John Doe 1 and John Doe 2 obtained funds Plaintiff was entrusted with through a fraudulent scheme that included soliciting a real estate agent and seller, and by including the Chase Account in the wiring instructions conveyed to Plaintiff. Defendants John Doe 1 and John Doe 2 either committed these acts themselves or acted through agents over whom he controlled the time, manner, method and means of committing the fraud, or with a co-conspirator, for the purpose of transferring the funds into the Chase Account.

32.

Defendants John Doe 1 and John Doe 2 provided fraudulent wiring instructions for the purpose of fraudulently obtaining the funds in possession of Plaintiff.

33.

Defendants John Doe 1 and John Doe 2 intended that Plaintiff rely on the aforesaid misrepresentations.

34.

Plaintiff reasonably relied on the aforesaid misrepresentations.

35.

Plaintiff's reliance on the misrepresentations was foreseeable.

36.

The actions of Defendants John Doe 1 and John Doe 2 constitute fraud for which Plaintiff is entitled to recover damages from Defendants John Doe 1 and John Doe 2.

37.

Therefore, Plaintiff is entitled to recover damages from Defendants John Doe 1 and John Doe 2 and injunctive relief freezing the funds and ordering return of the funds on account of their fraud.

## FOURTH CLAIM FOR RELIEF – CIVIL CONSPIRACY

38.

Plaintiff hereby incorporates the preceding paragraphs of this Complaint by reference.

39.

Upon information and belief, Defendants John Doe 1 and John Doe 2 conspired and agreed with each other and with one or more other persons to commit the fraudulent acts set forth herein.

40.

As set forth above, Defendants John Doe 1, John Doe 2, and their co-conspirators acted pursuant to a common intent and design with other individuals and/or entities to fraudulently move, through a series of transactions, funds in possession of Plaintiff to the Chase Account.

41.

Plaintiff was damaged by the aforesaid conspiracy, for which Defendants John Doe 1 and John Doe 2 are liable in damages.

## FIFTH CLAIM FOR RELIEF
## UNJUST ENRICHMENT/CONSTRUCTIVE TRUST

42.

Plaintiff hereby incorporates the preceding paragraph of this Complaint by reference.

43.

As set forth above, Defendants John Doe 1 and John Doe 2 fraudulently obtained funds rightfully belonging to Plaintiff through a series of acts that ultimately caused Plaintiff to transfer the funds into the Chase Account.

44.

Defendants John Doe 1 and John Doe 2 and their co-conspirators should not be allowed to enjoy the beneficial interest or ownership of the funds fraudulently transferred without violating established principles of equity.

45.

A constructive trust should be imposed on all funds traceable to the wire transfer from Plaintiff to the Chase Account and the accounts to which the funds from the Wire Transfer were transferred.

SIXTH CLAIM FOR RELIEF – INJUNCTIVE/EQUITABLE RELIEF

46.

Plaintiff hereby incorporates the preceding paragraphs of this Complaint by reference.

47.

As set forth above, there is a substantial likelihood that Plaintiff will prevail on the merits of its claims. If this injunction is not granted, Plaintiff stand to suffer irreparable injury, loss and damage if Defendants further negotiate from the Chase

Account or use proceeds from the stolen funds in the Chase Account. In light of the fraudulent activity which resulted in money entering into the recipient accounts, including but not limited to the Chase Account, Defendants are likely to dispose of Plaintiff's property and funds if the relief requested herein is not granted. The threatened injury to Plaintiff outweighs the threatened harm the injunction may do to Defendants. Granting an injunction will not disserve the public interest in that there is no public interest in recipients of fraudulent transfers retaining such funds.

48.

An injunction, including but not limited to an asset freeze and a freeze on the Chase Account, is warranted and should be issued on a temporary and permanent basis pursuant to O.C.G.A. §§ 9-5-1, 9-11-65 and 11-4A-503, and Fed.R.Civ.P. Rule 65. The injunction should restrain Defendants, all persons acting in concert with or in participation with any of them, their officers, directors, agents, representatives, successors, assigns, any banks, savings and loan associations, credit card companies, credit card processing agencies, merchant acquiring banks, financial institutions, or other companies that engage in the processing or transferring of money and/or real or personal property, who receive actual notice of the Court's Order by personal service or otherwise from, without prior approval of the Court, transferring, disposing of, or secreting any money or proceeds of money from Defendants and any other assets of Defendants from accounts associated with or utilized by any of

the Defendants, or otherwise paying or transferring any money, stocks, bonds, real or personal property, or other assets to any of the Defendants, into or out of any accounts associated with or utilized by any of the Defendants, regardless of whether such accounts are located in the United States or abroad, including but not limited to the Chase Account. This Order should include but not be limited to any and all accounts and assets utilized or owned by Defendants John Doe 1 and John Doe 2.

## SEVENTH CLAIM FOR RELIEF – PUNITIVE DAMAGES

49.

Plaintiff hereby incorporates the preceding paragraphs of this Complaint by reference.

50.

Upon information and belief, the actions of Defendants John Doe 1 and John Doe 2 were egregious and intentional, and such willful misconduct was the result of malice, fraud, wantonness, oppression, and an entire want of care that would raise the presumption of deliberate indifference to the consequences. Accordingly, Plaintiff is entitled to recover punitive damages from Defendants John Doe 1 and John Doe 2 under O.C.G.A. § 51-12-5.1.

## EIGHTH CLAIM FOR RELIEF – ATTORNEYS' FEES

51.

Plaintiff hereby incorporates the preceding paragraphs of this Complaint by reference.

52.

Defendants John Doe 1 and John Doe 2 engaged in actions as further set forth herein that were in bad faith; Defendants John Doe 1 and John Doe 2 have caused Plaintiff unnecessary trouble and expense; and Defendants John Doe 1 and John Doe 2 have been stubbornly litigious. Accordingly, an award of attorneys' fees is authorized against Defendants John Doe 1 and John Doe 2 pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff prays for the following relief:

1) That process issue in accordance with the law;
2) That Plaintiff have a judgment for injunctive relief and disgorgement of funds wrongfully taken, received, and misappropriated, including but not limited imposing an asset freeze on assets of Defendants, the Chase Account, and all other accounts which received the fraudulently transferred funds set forth herein;

3) That Plaintiff be awarded compensatory, nominal, treble, and general damages against Defendants John Doe 1 and John Doe 2 as compensation for their intentional, wanton and willful actions;

4) That Plaintiff be awarded punitive damages against Defendants John Doe 1 and John Doe 2;

5) That Plaintiff be awarded costs of this action and attorneys' fees against Defendants John Doe 1 and John Doe 2; and

6) That Plaintiff be awarded such other and further relief as the Court deems just and proper.

Respectfully submitted, this, the 20th day of November, 2023.

COPELAND, STAIR, VALZ & LOVELL, LLP

By: */s/Mark D. Lefkow*
MARK D. LEFKOW
Georgia Bar No. 004289

*Attorneys for Plaintiff*
*Copeland, Stair, Valz & Lovell, LLP*

191 Peachtree Street, N.E.
Suite 3600
Atlanta, Georgia 30303
Phone: (404) 522-8220
Fax: (404) 523-2345
Email: mlefkow@csvl.law

\* Local Rule 5.1(C) Certification: This document was prepared using Times New Roman 14-point font, one of the fonts allowed by N.D. Ga. L.R. 5.1(C).